IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AT&T CORP., | ) | |
| a New York corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-CV-00118-C |
| | ) | |
| (1) eLOT, Inc., f/k/a EXECUTONE | ) | |
| INFORMATION SYSTEMS, INC., | ) | |
| a Virginia corporation; | ) | |
| (2) MATRIX TELECOM, INC., | ) | |
| a Texas corporation; and | ) | |
| (3) INTER-TEL, INC., | ) | |
| a/k/a INTER-TEL BUSINESS | ) | |
| INFORMATION SYSTEMS, INC., a/k/a | ) | |
| INTER-TEL INCORPORATED, | ) | |
| an Arizona corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are Plaintiff AT&T's Post-judgment Brief (Pl.'s Br., Dkt. No. 65) and

Defendant Matrix Telecom's Response (Def.'s Br., Dkt. No. 66). In the Court's Memorandum

Opinion and Order of August 4, 2006, the Court found that AT&T had proven its quantum

meruit claim with regard to the Martin Accounts. (Order, Dkt. No. 64, at 11.) The Court will

enter judgment in favor of Matrix in all other respects. <u>Id.</u> The Court ordered the parties to

confer regarding the amount of damages owed to AT&T resulting from one unpaid invoice

dated August 1, 2002. Because the parties were unable to agree on the amount of damages

owed to AT&T, the Court has considered their post-judgment briefs in determining the proper

amount due.

I.      *Unpaid August 2002 Invoice*

The Court concluded that the proper time frame for calculating damages on most of the Martin Accounts is August 2001 through December 2, 2002.  AT&T's August 2002 invoice for Martin Account EXEC-EXEW02 contains both that month's charges and a backbill.  The Court was unable to calculate the proper amount of damages for this invoice, because the backbill contains a lump sum charge for services provided outside of the applicable time frame.  Therefore, the Court directed the parties to confer regarding the August 2002 invoice and the damages due from that invoice.

Using the methodology the Court applied to the other Martin Accounts, the parties concur that the damages will include August 2002 continuing activity and usage fees.  (Pl.'s Br. at 1 & Ex. A at 2.)   Although AT&T notes that Matrix at one time objected to the taxes/surcharges fee also being included, Matrix does not raise any objection in its response, and these charges were included on all other months' damages calculations.   Therefore, $13,669.11 ($11,808.40 continuing activity + $1,492.26 usage + $368.45 taxes/surcharges) will be included in the damages calculation for EXEC-EXW02's August 2002 invoice.

However, this still leaves $59,187.44 in New Activity fees on the invoice, about which the parties disagree.  AT&T asserts that $14,666.36 of this should be included in the damages calculation as charged within the August 2001-December 2, 2002, time frame.  Matrix claims that AT&T fails to meet its burden of proof regarding the allocation of damages to the backbill amount and so none of the backbill amount should be included in the damages.

Upon review of the briefs and invoices, the Court finds that AT&T met its burden of proof regarding the allocation of the backbill for which Matrix should be held liable under quantum meruit. Matrix offers no evidence indicating that AT&T has incorrectly calculated what it is owed for the invoices falling within the appropriate time span. Matrix does correctly note that the applicable dates of a ten dollar nonrecurring charge to 916 Pacific Ave., Everett, WA, are not properly documented and so the Court will deduct $10.00 from the total calculation for the invoice.[1] AT&T has presented sufficient calculations and documentation, however, to prove that $14,656.36 of the backbill was allocated within the applicable time frame. As stated in the Court's Order, it would be unjust to allow Matrix to retain the charges billed during the August 2001-December 2, 2002, time period. Thus, $14,656.36 should be added to the damages calculation. AT&T has shown that the total damages calculation for the EXEC-EXEW02 August 2002 invoice is $28,325.47 ($13,669.11 + $14,656.36), resulting in a total damages award to AT&T of $162,773.12 on its quantum meruit claim. See Order at 9 & n.2.

II.     Calculation of Damages on Dolan Northwest Account

In its response, Matrix expresses its concern that the Court miscalculated the damages attributable to the Dolan Northwest Account (EXEC-DNWW01). In its Order the Court calculated damages on this account in the amount of $16,567.47. Although the Court has

---

[1] Although AT&T does not specifically define the term, nonrecurring charges generally are those that are not automatically included in the monthly rate; they are applied on a per item/per service basis. See, e.g., US West Commc'ns, Inc. v. TCG Or., 35 F. Supp. 2d 1237, 1251 (D. Or. 1998) ("Nonrecurring charges are one-time fees imposed for establishing particular services, such as the charge a customer pays to have telephone service established."); BellSouth Telecomms., Inc. v. Kerrigan, 55 F. Supp. 2d 1314, 1324 (N.D. Fla. 1999) ("[T]he term 'nonrecurring charge' can also refer to charges that do not necessarily recur every month, but that are assessed when a certain contingency occurs.").

considered Matrix's argument and revisited the account invoices, it does not agree that the damages amount is incorrect.  As noted in the Order, the proper time frame for considering the Dolan Northwest account is February 2003 through June 2004.  However, the Order failed to specify that this time frame ends with the invoice dated June 1, 2004, rather than with the July 1, 2004, invoice.  The June 1, 2004, invoice includes all relevant activities up until the date the Dolan Northwest account was disconnected and so any account activity conducted after June 1, 2004, should not be included in the damages calculation.

According to AT&T's Account Claim Summary (Pl.'s Ex. 31), AT&T referred the Dolan Northwest account to an outside collection agency on June 16, 2004.  The collection agency attempted to collect on Dolan Northwest account invoices dating from February 2003 until May 2004.  (Pl.'s Ex. 27.)  It is true that to calculate the damages on all of the other Martin Accounts, the Court subtracted all credits given by AT&T from the total owed.  (Order at 9 n.1.)  Matrix correctly notes that AT&T applied a $16,567.47 credit to the Dolan Northwest account on June 21, 2004.  (Def.'s Br. at 4 & Ex. 1 at 1.)  However, Matrix is incorrect in arguing that this particular credit should be applied to reduce the balance due (from Matrix) on the Dolan Northwest account to zero.  This $16,567.47 credit was applied *after* completion of the final June 1, 2004, invoice.  Unlike other small credits applied on the Martin Accounts for various matters during the course of billing, this balance-clearing credit was applied because the Dolan Northwest account was "written off to bad debt" with "limited recovery potential."  This credit was not a typical refund given to a customer during the normal billing cycle.  Rather, this was an accounting decision made outside of the February 2003-June 1, 2004, billing time frame.

4

AT&T did not recoup any of this amount and it was not credited back to a customer's account, because the Dolan Northwest account had already been disconnected.[2]  This write-off was not part of the normal billing cycle and did not operate to reduce the damages owed to AT&T. Thus, the Court declines to modify its damages calculation of $16,567.47 on the Dolan Northwest account.

## CONCLUSION

Judgment will be entered in favor of AT&T on its quantum meruit claim with regard to the Martin Accounts.  Total damages will be entered in the amount of $162,773.12.  In all other respects, Judgment will be entered in favor of Matrix.

In their post-trial briefs, the litigants dispute whether AT&T is entitled to attorney's fees under 12 Okla. Stat. § 936.  The record before the Court does not contain the necessary evidence to adjudicate this matter.  Accordingly, the litigants may address attorney's fees in accordance with Fed. R. Civ. P. 54 and LCvR54.2.  In addition, the litigants may address both prejudgment and postjudgment interest if necessary.

IT IS SO ORDERED this 28th day of September, 2006.

ROBIN J. CAUTHRON
United States District Judge

---

[2] Similar "credits" were applied to completely clear the balances of EXEC-EXEW02 (Pl.'s Ex. 38), EXEC-EXEW05 (Pl.'s Ex. 33), and other accounts, but as here they did not operate to eliminate damages owed by Matrix because the credits were applied after the applicable time frame had passed.